ESTATE OF TURNOCK: TURNOCK and others, Appellants, vs. NORTHWESTERN LOAN & TRUST COMPANY and others, Respondents.

*January 21—February 15, 1944.*

For the appellants there were briefs by *D. T. Smiley* of Woodstock, Illinois, and *George W. Taylor* of Kenosha, and oral argument by *Mr. Smiley.*

*Arthur B. Ames* of Kenosha, for the respondent Northwestern Loan & Trust Company.

For the respondent Charles E. Turnock there was a brief by *Cavanagh, Stephenson & Mittelstaed* of Kenosha, and oral argument by *Roy S. Stephenson.*

FRITZ, J. Upon due consideration of the appellants' and the respondent Charles E. Turnock's assignments of error, and their contentions in relation thereto, it is the conclusion of the court that the judgment, as well as the order, appealed from must be affirmed; and should be affirmed under Rule 64 without opinion.

This memorandum is filed solely for the purpose of disposing of the request and prayer in the brief of the respondent administrator, Northwestern Loan & Trust Company, that, because it has delivered the trust funds to the trustee Juliani, in accordance with the final judgment, and has no funds belonging to the estate available to pay its expenses on this appeal, there should be allowed by this court such expenses, including reasonable attorney's fees; and there should be designated the funds from which such expenses shall be paid. In these respects it is the conclusion of the court that the respondent is entitled to have such expenses allowed, in so far as they were necessarily and reasonably incurred; and that the amount thereof shall be determined and paid to the respondent in the manner stated in the mandate.

*By the Court.*—The order entered January 14, 1943, and the judgment entered March 3, 1943, are affirmed with costs to be taxed against the appellants. In addition there shall be paid to the respondent, Northwestern Loan & Trust Company, out of the trust funds assigned by the judgment to Chris A. Juliani, as trustee, the amount of such other expenses as that respondent necessarily and reasonably incurred on this appeal, including its attorney's fees; all of which shall be determined by the county court upon the remanding of the record.